KELLEY *v.* MAXWELL, WARDEN.

[Cite as Kelley v. Maxwell, Warden, 1 Ohio St. 2d 79.]

(No. 39173—Decided January 20, 1965.)

80

*Mr. Harold Kelley, in propria persona.*

*Mr. William B. Saxbe,* attorney general, and *Mr. William C. Baird,* for respondent.

*Per Curiam.* Petitioner, on the above testimony, contends that he was tricked into pleading guilty. However, the only evidence to support petitioner's contentions is his own statements. The transcript of testimony taken at the time petitioner entered his plea of guilty is directly in conflict with petitioner's claimed innocence and the claim that he was induced to plead guilty by trickery. The pertinent part of this transcript reads as follows:

"Proceedings were had as follows:

"Mr. Foster: Your Honor, at this time the defendant wishes to change his plea from not guilty to the indictment to the plea of guilty.

"The Court: Mr. Kelley, would you stand up, please. It is being understood you are not pleading guilty in this case other than the fact that you are actually guilty of the crime. Is that correct?

"Defendant: Yes, sir.

"The Court: Do you have anything to say before sentence is pronounced against you?

"Mr. Foster: Yes, your Honor. I believe that Mr. Kelley has co-operated with the Indiana State Police in this particular case and we would very much request that you recommend to the parole board that Mr. Kelley be released at the earliest opportunity he has to come up before that board.

"Mr. DeWeese: The Court please, it is my understanding and the evidence would so disclose that the defendant did co-operate with the Indiana State Police and Indiana authorities in this matter. Not only would I join in the request of defense counsel but in the report which I make I would so state. However, I want to make it clear that this matter—so it wouldn't appear at some later date—that this matter in any way induced the defendant to enter his plea and that the plea is only entered because he is guilty as charged.

"The Court: Is that correct, you are entering this plea because you are guilty?

"The Defendant: I don't understand.

"(No audible reply)

"The Court: He indicated Yes. In view of the fact of your co-operation with the Indiana State Police, the court is going to sentence you concurrently on the two counts—No. one, one to fifteen, and under the second, one to twenty years, to the Ohio State Penitentiary and the court will inform the parole board. Of course, we can't make any promises as to when you will be released, but as I stated, I will inform the parole board when I get a notice from them."

In view of this record, petitioner's claim of trickery is not well taken.

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.